Wardlaw, X
delivered the opinion of the Court.
Any obstruction of lawful process, whether it be by active means or the omission of a legal duty, is an indictable of-fence.—(4 Bla. Com. 129.) But the indictment for this of-fence must shew what the process was; that it was legal, and in the hands of a proper officer, and the mode of obstruction.—(2 Chit. C. L. 134.) For the grade of the offence and the extent of the punishment depend much upon the nature of the process obstructed. Even a forcible resistance of an arrest may be defended, if it appear not that the arrest was lawful; and a third person may interfere to prevent an illegal caption, if he do no more than is necessary for that purpose. Therefore, in the case of The King v. Osmer, 3 East, 306, in an indictment for an assault, false imprisonment, and rescue, it being alleged that the defendant, upon T. B. in the due execution of his office, did make an assault, and him did imprison, and did prevent him from arresting B. W. it was held that the indictment was bad, because it did not appear that T. B. was an officer of the court, and that there could not, after a general verdict, be judgment, even for a common assault and false imprisonment; because the jury must be taken to have found that the assault was committed under the circumstances alleged, that is, under circumstances which justified the defendant. The conclusion there would have been different, if there had been nothing in the indictment from which it might be inferred that T. B. was making an illegal arrest when he was assaulted.
In the case before us, admitting that the obstruction is alleged indefinitely and insufficiently, there is nothing in the allegation concerning1 it, from which, in any way, a justification of the assault can be inferred. The allegation of obstruction may then ffie regarded as mere surplusage, and the indictment be suffered to stand as an ordinary indictment for *77 an assault, without a battery, upon an officer in the execution of his duty.
The general verdict finds that the proof has gone to the whole extent laid, that is, to the extent of the matter necessary to constitute that offence which is well laid. How far mere matters of aggravation, not so joined with the statements of the offence as to be inseparable from it, have been established, is known to the Judge who heard the cause, and according to his sense of them, will be the punishment which, in his discretion, he may impose.
We are satisfied that under the evidence which was given, the jury was well authorized in finding that all the defendants were guilty of an assault upon a deputy sheriff, in the execution of his office. The motions are, therefore, dismissed.
Richardson, J. O’Neall, J. Evans, J. Frost, J. and Withers, J. concurred.

Motiohs dismissed.